[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (MOTION NO. 115)
In 1974, the plaintiff was granted medical staff privileges at the defendant hospital. Such privileges were granted on an annual basis and subject to renewal. In October of 1983, the defendant did not renew the privileges.[1] In 1983, the plaintiff brought an action against this same defendant and other individuals,[2] which action also arose out of CT Page 4877 the defendant's refusal to reappoint him. There he asserted causes of action for breach of contract and anti-trust violations. A state trial referee concluded the defendant had breached its contractual relationship with the plaintiff and ultimately the state trial referee's report was accepted by the Superior Court (Spear, J.) Here, the plaintiff asserts a violation of the Connecticut Unfair Trade Practices Act (CUTPA) in the defendant's alleged failure to abide by its bylaws in terminating his privileges and in its refusal to reinstate him following the finding of the state trial referee. He further alleges the defendant has refused to reinstate him despite his continuous demands for the same. In the defendant's amended answer, it denies the material allegations of the complaint and asserts special defenses of the statute of limitations, the equitable doctrine of laches, res judicata, and collateral estoppel.
The defendant's motion for summary judgment asserts there is no genuine issue of material fact as regards those special defenses. Both parties timely filed memoranda and this court heard oral argument on January 2, 2002.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book [§ 17-46]. . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Citations omitted; internal quotation marks omitted.) H.O.R.S.E. of Connecticut,Inc. v. Washington, 258 Conn. 553 (2001)
Essentially, the defendant's argument is that the conduct upon which the CUTPA claim is premised occurred in the fall of 1983 and, since the present action was not commenced until June of 1998 — some fifteen years later, it is barred by the three year limitation of Connecticut General Statute § 42-110g (f). The defendant also argues the plaintiff cannot use the continuing course of conduct doctrine to toll the statute of limitations because: (a) the parties did not have a fiduciary relationship; (b) the plaintiff did not ever reapply for privileges at the hospital, and, (c) in 1986 and 1999, the court denied the plaintiff's applications for injunctive relief in which he requested the defendant be required to reinstate him. The plaintiff counters that the issue of the CT Page 4878 possible tolling of the statute of limitations is a question of fact inappropriate for resolution on a motion for summary judgment and that the continuing course of conduct doctrine applies because the defendant committed an initial wrong by not following its own bylaws in not renewing his privileges. Finally, he states, whether the defendant had a continuing duty to right that wrong is a question of fact.
Connecticut General Statute § 42-110g (f) provides a CUTPA claim "may not be brought more than three years after the occurrence of a violation. . . ." In Fichera v. Mine Hill Corp., 207 Conn. 204 (1988), our Supreme Court determined a CUTPA claim based on a single act occurring more than three years prior to the commencement of an action was time barred even though the plaintiff there had not discovered the injury until eleven months before the filing of the action. Ten years later, the Court, in Willow Springs Condominium Association, Inc. v.Seventh BRT Development Corp., 245 Conn. 1 (1998), had this to say aboutFichera, supra:
 Fichera stands for the proposition that an arguably fraudulent or deceptive act that is itself claimed to be a CUTPA violation that occurred more than three years before the filing of the action cannot, by itself, toll the statute of limitations. It does not stand for the proposition that independent fraudulent or deceptive acts taking place within that three year. period that have been undertaken for the purpose of concealing actionable conduct occurring prior to the three year period cannot independently form the basis of a CUTPA violation.
Id., at 46.
This state's Supreme Court has also said, "Where we have upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to a prior act."Sherwood v. Danbury Hospital, supra, 252 Conn., at 203.
If the alleged fraudulent act was the failure to renew the plaintiff's privileges, § 42-110g (f) precludes the bringing of this action fifteen years after the act. If the alleged fraudulent or deceptive act was the defendant's failure to abide by its own bylaws in failing to renew the plaintiff's privileges or in following the prescribed appeals procedure, that same statute precludes the bringing of this action in June of 1998. If the alleged fraudulent or deceptive act was the failure to reinstate him after the state trial referee's finding the defendant had breached the parties' contractual relationship or after the Superior Court CT Page 4879 accepted the state trial referee's report, the statute of limitations expired no later than June 17, 1996 (when that report was accepted)
The words of another court construing the negligence statute of limitations (Connecticut General Statutes § 52-584) and the continuing course of conduct doctrine is instructive:
 Upon discovery of actionable harm, the policy behind the continuing course of conduct doctrine, to preserve the ongoing relationship with the hope that any potential harm from a negligent act or omission may yet be remedied, no longer has any force.
 The accrual of the cause of action, as opposed to a possible series of acts making up the negligent act, is a single point in time. Permitting the accrual point to be pushed forward as long as it is claimed that the negligent conduct continued has the potential of pushing forward the end of the limitation period indefinitely, as long as the defendant continues in the course of conduct and the plaintiff does not protest. It would, in effect, allow the plaintiff to acquiesce in the defendant's conduct for as long as convenient to the plaintiff, contrary to one of the purposes of statutes of limitations, which is to prevent the unexpected enforcement of stale claims concerning which the persons interested have been thrown off their guard by want of prosecution. (Citations omitted; internal quotation marks omitted.) Rivera v. Fairbank Management Properties, Inc., 45 Conn. Sup. 154, 160 (1997).
The plaintiff clearly became aware of harm to him when his privileges were terminated in October of 1983; he was as clearly aware of actionable harm again in July of 1993 and in November of 1994 when the defendant allegedly refused to reinstate him.[3] His CUTPA cause of action accrued no later than November of 1994; the applicable statute of limitations expired well before this action was commenced.
The statute of limitations applicable to this CUTPA claim bars the plaintiff's action. The continuing course of conduct doctrine does not toll that statute under the circumstances here presented. Thus, the court need not consider the remaining special defenses asserted by the Amended Answer. The motion for summary judgment is granted.
____________________ B.J. SHEEDY, JUDGE CT Page 4880